DAVID COHEN, plaintiff in error, *vs.* GEORGE A. WEIGLE, defendant in error.

The motion for a new trial in this case was properly overruled, the verdict not being decidedly and strongly against the weight of evidence, and the discretion of the Court as to the continuance, not having been, in our opinion, abused.

New trial. Continuance. Before Judge GIBSON. Richmond Superior Court. January Term, 1872.

George A. Weigle instituted proceedings in the Superior Court of Richmond county to establish a note alleged to have been made by David Cohen, as follows, to-wit:

"$150.                    AUGUSTA, GA., June 15th, 1869.

"One day after date I promise to pay to the order of George A. Weigle one hundred and fifty dollars for value received, with interest from date.

"(Signed)                    D. COHEN."

The defendant pleaded the general issue and *non est factum*.

The following testimony was introduced upon the trial:

Irwin Hicks, sworn: Called on Cohen for Weigle, to collect a note; the amount was $150; Cohen promised to pay the note; this was in 1869, think some time in the fall of that year; thinks Cohen paid Colclough a hat on the note; thought the copy attached to petition was same as the note he presented. Witness was shown a draft as follows:

$300.                    AUGUSTA, August 12, 1867.

On the 15th of November next, pay to the order of George Weigle three hundred dollars, value receiv.d, and charge the same to account of

Accepted. M. COHEN.

(Signed)                    D. COHEN.

To M. COHEN.

Cohen *vs.* Weigle.

Don't recollect if such paper was ever in his possession; can't say if it was drawn by David or Morris Cohen; the signature might be taken for either a D or an M; this paper is not a note; can't swear positive that the copy note attached to petition is like the note he presented; can't say what year it purported to have been drawn in, but think it was 1869.

George Weigle, sworn: David Cohen gave him a note for $150; thinks the copy attached to petition is a substantial copy of note given him; sold to David Cohen a roan horse, and his brother Morris was his security; D. Cohen did not wish his brother to know that he was going to pay part of the purchase, to-wit: $150; sold the horse for $450; Morris Cohen gave me two notes for $150 each, and David Cohen for $150 more, making the $450. [Here defendant's counsel exhibited to witness the *draft* shown to and mentioned in witness Hick's testimony.] This draft is drawn by David Cohen on Morris Cohen, and payable to his order; it is for $300; thought he, Morris Cohen, had given two notes to him; witness never had but one transaction with either Morris or David Cohen where any note or other valuable paper was given him. After looking at the draft witness is not prepared to say that the copy attached to his petition is like the paper given him by D. Cohen.

### DEFENDANT'S TESTIMONY.

David D. Macmurphy, sworn: Witness is Clerk of Richmond Superior Court; petitioner's counsel, Mr. Foster, sent witness word some months ago to dismiss this case; he did not do so because the costs were not paid.

H. Clay Foster, sworn: Called upon A. D. Picquet, attorney for Cohen, for an acknowledgment of service after the case had been passed in the Superior Court and that Court adjourned, in order to get the case in the City Court, and thereby avoid the delay consequent upon the next term of Superior Court; he told Mr. Picquet he would order the case in the Superior Court dismissed, and as soon as he returned to his office sent word to the Clerk to dismiss the case, and be-

lieved that the case had been dismissed, until after the Judge of the City Court had decided that there was no jurisdiction in the City Court; after the adjournment of the City Court went to the Clerk's office with petition in same case to begin *de novo*, when the Clerk informed him that the original case had not been dismissed, as the message he received was to dismiss the case of Weigle *vs.* Cohen, the case sounding *in re* George A. Weigle; then told the Clerk if he had not dismissed it to let it remain on the docket; met Picquet a few days afterward and told him the Clerk had failed to dismiss the case and he had told him to let it remain; this was in ample time to have commenced anew in the Superior Court for this term, and had Mr. Picquet objected would have then had it dismissed and commenced over, but making no objection witness thought he had none, and hence he allowed it to remain.

Augustus D. Picquet, sworn; Witness is counsel for defendant; after the June Term last of the Superior Court had adjourned to meet in October last, H. Clay Foster, Esq., called at my office to get me to acknowledge service in the same case to the City Court, when he stated that he had dismissed or would dismiss in the Superior Court; witness never would have made such acknowledgment of service except with the understanding that the case was not pending in this Court; witness would not have put his client to the trouble and expense of defending the same cause of action in two Courts at the same time.

The draft copied in witness Hick's testimony was put in evidence.

David Cohen, sworn: Is the defendant; never gave to plaintiff a note of which the one sought to be established is a copy; never gave him any note whatever; the transaction plaintiff speaks of, about his brother and he buying a horse, occurred in 1867; plaintiff drew a draft on defendant which he accepted; it was drawn in August of that year, and payable in November following; the draft was for $150.

The jury returned a verdict establishing the copy of the

Cohen *vs.* Weigle.

lost note as the original.   The defendant moved for a new trial, upon the following grounds, to-wit:

1st.  Because the Court erred when this case was called, in not allowing the defendant's counsel a reasonable time to prove that the petitioner, through his counsel, had dismissed the above rule in this Court, and had obtained thereby an acknowledgment of service on the same rule in the City Court of Augusta; that said dismissal occurred between the regular June Term, last, and the Adjourned Term of this Court, in October last, the rule being returned to the June Term, 1871, of this Court, but directed petitioner's counsel to go on with his case to the jury.   That then defendant's counsel stated to the Court that he had not his witnesses or client present, not believing that petitioner's attorney would call the case up here again, after telling him he would dismiss, and obtained the acknowledgment of service in the City Court on the same rule, in substance, though it was dismissed in said City Court. The Court erred in not continuing the case, and in saying to defendant's counsel that he would allow him time to get his client here, and the Court directed a bailiff to go for the defendant, or said to defendant's counsel, " send Mr. Davis after him;" Davis being absent, another bailiff was dispatched, who soon returned with the defendant.

2d.  Because, when the defendant appeared in Court, and his counsel was preparing a showing for a continuance, the Court remarked that he would require no written showing, when defendant's counsel remarked that he was not prepared to go to trial, on account of the absence of John W. Taliaferro, by whom he expected to show by the records and papers in his office, Clerk of the City Court of Augusta, that this same rule had been acted upon in said Court; also, to show the acknowledgment of service on the same, and that he expected to prove by one J. P. Fox that said Fox drew the paper that defendant gave petitioner, and that he, Fox, did not draw a note, but a different paper altogether.   Petitioner's counsel said he would admit what was expected to

be proven by Taliaferro, when the Court erred again in directing the petitioner's counsel to proceed to the jury.

3d. Because the Court erred in not allowing defendant to make his showing in writing, when requested particularly to do so by his counsel, in order that the record might be completed as to a showing for a continuance.

4th. Because the verdict was contrary to evidence, or without evidence.

5th. Because the verdict was contrary to law.

6th. Because the verdict of the jury was contrary to the charge of the Court, in this: The Court charged the jury, " that if they find that Weigle is moving to establish a copy of a note payable one day after date, and dated June 1st, 1869, and the evidence shows that Weigle drew a draft on Cohen, and it was accepted by Cohen, the proof is not sufficient to establish the copy presented as a note given by Cohen." Further, the Court charged the jury, that a recovery by Weigle on the copy note presented would be no bar to a suit on a draft, or prevent a recovery on a draft accepted by Cohen of Weigle in the year 1867."

The motion for a new trial was overruled and defendant excepted, and assigns said ruling as error.

A. D. PICQUET, by brief, for plaintiff in error. As to the first exception, he contends that his counsel should have been allowed to show that the case had been dismissed, or that the plaintiff's attorney had created that impression by his management, and cites, as to dismissal of cases: Mountain *vs.* Rowland & Ansley, 30 Ga., 232. And as to agreement between attorneys: Henderson *vs.* Merrit, 38 Ga., 232. To the second, that it is error for a Court, without motion from either side, to send or direct that a defendant be sent after, as showing a fixed intention to force a trial, and calculated to prejudice the jury against the defendant. To the third, that his counsel should have been allowed to make his showing for a continuance in writing. It was the duty of the Court, without leave asked, to have had said showing reduced to writing:

Acts of 1853–4, pamph., p. 52; Code, sec. 3472.   That the showing was a good one, and the testimony of Fox was very material to the issue.   Fourth.  Verdict contrary to law and without evidence to support it; all the positive evidence shows that the paper was drawn in 1867, and not 1869; that it was a draft and not a note that Cohen gave Weigle: Pace vs. Mealing, 21 Ga., 464.

H. CLAY FOSTER, for defendant.   1st. The rulings complained of in the 1st, 2d and 3d grounds of error were matters resting in the discretion of the Court below, and this Court will not interfere unless abuse is shown: Code, sec. 3480; 40 Ga., 15; 30th, 831. The issue joined was upon a question of fact, viz: was the paper sought to be established a note or draft? this was matter for the jury, and this Court will not disturb their finding: 29 Ga., 637 (3.)   3d. It is no objection to a verdict, that it is contrary to the charge of the Court, if the charge be wrong: 15 Ga., 253.   4th. When substantial justice has been done, a new trial will be refused: 39 Ga., 339; 37th, 235; 29 Ga., 637 (3.)

McCAY, Judge.

As to the continuance it was in the discretion of the Court, and we can well see how the Judge might think, from the circumstances, it was proper to grant it.   There is evidence to justify the verdict.   True, it is contradicted by evidence for the defendant, but the jury, doubtless, gave greater weight to the plaintiff's testimony.   The Judge was right in refusing a new trial.

Judgment affirmed.